## Adams et al. v. Adams.

### Bill in Equity to enforce Vendor's Lien.

1. *Bill to enforce vendor's lien; burden of proof.*—On a ʙɪʟʟ filed to enforce a vendor's lien, the burden rests upon the complainant to establish the contract sought to be enforced; and upon his failure to meet the burden, he is not entitled to the relief sought.

APPEAL from the Chancery Court of Tallapoosa.
Heard before the Hon. R. B. KELLY.

The bill in this case was filed by the appellee, Mary C. Adams, against the appellants; and sought to enforce a vendor's lien. The facts of the case are sufficiently stated in the opinion.

On the final submission of the cause, upon the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for and ordered accordingly. From this decree the defendants appealed, and assign the rendition thereof as error.

H. J. GILLAM and GARRETT & LACKEY, for appellants, cited *Jernigan v. Flowers,* 94 Ala. 508; 29 Amer. & Eng. Encyc. of Law, 770; *Kilpatrick v. Henson,* 80 Ala. 469; *Woodall v. Kelly,* 85 Ala. 375; 20 Amer. & Eng. Encyc. of Law, 1045.

SORRELL & SORRELL, contra, cited *Saltmarsh v. Tuthill,* 13 Ala. 390; *Carliss v. Hill,* 16 Ala. 398; *Wales v.*

*Couch,* 75 Ala. 134; *LeGrand v. Bank,* 81 Ala. 132; 3 Brick. Dig., 400, § 549.

SHARPE, J.—Complainant by her bill asserts and seeks the enforcement of a lien for a balance claimed to be due for a lot alleged to have been sold and conveyed by her to the defendants C. C. and Lizzie Adams in December, 1896, at the price of $1,650, of which $1,000 was payable in cash and the balance on demand.

The defense as presented by answer and cross bill filed by those defendants is that the contract under which they bought the lot was made four years prior to the time alleged in the bill as the date of purchase, and that payments made thereon together with an account due to them by complainant are sufficient to fully extinguish her claim.

Answering the cross bill complainant in effect admits that in December, 1892, she sold to those defendants the lot here involved, together with an adjoining strip of land for $1,800, and that payments thereon amounting to more than five hundred dollars were made thereafter while her vendee held possession under the purchase, and it is not denied that during the same time she became indebted to them on an account which together with the payments received amounted to more than eight hundred dollars. Complainant, however, seeks to show that in December, 1896, a new agreement was made whereby the first contract of sale was abandoned and another now depended on was made, according to which a strip was reserved to her off the lot originally sold and the remainder was sold and conveyed at the price of $1,650, and that as part of that transaction the previous payments made and the account held against her by the vendees were by mutual agreement applied to and set-off against the use and occupation of the lot by them during the previous four years, and that only payments made subsequent to that time amounting to $1,000 ought to be applied on the last contract.

The conveyance of the legal title in advance of completed payments was a sufficient consideration for the

[Adams *et al.* v. Adams.]

alleged new agreement, but the difficult question presented by the record is whether such new agreement was in fact made. Other than by the deed there does not appear to have been any writings used to evidence the transactions so that their nature is left to be determined upon by the testimony of witnesses which is directly conflicting. The depositions of complainant's husband and her son Henry Adams accord with her theory, and they claim to have personal knowledge of the new agreement. Complainant's own deposition is of little value for either side. She states in effect that her husband acted for her in the matter and that she does not remember what was said in the transaction of December, 1896; but that it was her understanding that then, old acts were cancelled and a new trade agreed on; but on cross examination she states she does not think anything was said about rents for the previous occupation.

Defendants, C. C. and Lizzie Adams, deny that there was any abandonment of the old contract except as to the strip of land reserved to complainant in making the deed. They deny that Henry Adams was present when the agreement was made which resulted in the conveyance being made in December, 1896, and in this they are corroborated by the complainant, who, in testifying as to the persons present on that occasion, omits to mention Henry Adams.

A probable motive for conveying title at that time was to enable the vendees to borrow from the defendant Berry money with which to pay the full balance then due complainant. It is shown without dispute that soon after receiving the deed the defendant did mortgage the lot to Berry as security for a loan of which one thousand dollars was paid complainant. That sum according to defendants' evidence was sufficient to complete payment under the original contract after deducting for that part of the lot reserved from that contract. The circumstances are not such as to disclose any good reason why C. C. and Lizzie Adams should consent to an abandonment of the contract under which they had held possession for four years and to account for rents for that period for which they were not otherwise liable.

That they did so, appears improbable to a degree that ought to require a clear preponderance of evidence in favor of complainant's claim. The burden rests on the complainant to establish the contract sought to be enforced. It is unnecessary to determine whether anything would be due complainant under the first contract, since to decree in her favor on that contract would be at variance with the claim made by her bill.

The decree appealed from must be reversed and the bill dismissed at complainant's cost.

Reversed and rendered.

